## FINKELMAN v EVATT

Board of Tax Appeals

No. 4235. Decided July 14, 1942.

H. O. Finkelman, Middletown, and Henderson Estes, Middletown, for the appellant.

Thomas J. Herbert, Attorney General, Columbus, and Aubrey A. Wendt, Asst. Attorney General, Columbus, for the appellee.

### ENTRY

This cause and matter came on to be heard by the Board of Tax Appeals upon the motion of the appellee to dismiss an appeal theretofore filed with said Board from an assessment certificate made and issued by the Tax Commissioner determining and assessing the amount of taxes to be paid by the appellant as a taxpayer for the tax year 1939 on appellant's merchandise inventory of personal property. This case was submitted to the Board on said motion, on the appeal to which the motion was directed, on appellant's tax return for the year 1939, and other files relating to said tax assessment, and on the arguments of counsel on said motion.

On consideration of the case as thus submitted, the Board of Tax Appeals finds that the appellant, a retail shoe dealer in the City of Middletown, Ohio, filed his intangible and personal property tax return for the year 1939 on or about March 29 of said year; and in and by said tax return the appellant listed the taxable value of his merchandise inventory at the sum of $3356.00. Later on or about June 18, 1941, the Tax Commissioner, on audit of appellant's tax return for the year 1939, increased the taxable valuation of appellant's merchandise inventory for said year from the valuation amount returned by the appellant, as above stated, to the sum of $8514.00; and on said date, to-wit, June 18, 1941, the Tax Commissioner made and issued an amended assessment certificate assessing appellant's merchandise inventory for the year 1939 in the taxable amount of $8514.00, and then and thereby extended a tax against said merchandise inventory at the current tax rate of the City of Middletown, Ohio, for the year 1939, which taxes, so assessed, amounted to $120.47. On July 7, 1941, the appellant, above named, filed with this Board an appeal from the amended assessment made and issued by the Tax Commissioner under date of June 18, 1941, as aforesaid, copy of which assessment was mailed to said taxpayer under date of July 2, 1941.

On July 11, 1941, the appellee, by his counsel, the Attorney General of Ohio, filed with the Board of Tax Appeals a motion to dismiss said appeal on the stated ground that the Board of Tax Appeals has no jurisdiction of such appeal for the reason, as stated in said motion, that "the appellant has failed to comply with the statute with reference to the perfection of the appeal".

In support of the motion to dismiss the appeal filed by appellant herein the appellee contends that the right of appeal theretofore given to this taxpayer with respect to the tax assessment complained of by §5394 GC, was abolished in and by the amendment of this section by Am. S. B. 77, which was enacted under date of April 2, 1941, and which became effective July 4, 1941; and that at the time said appeal was filed the taxpayer was remitted to the provisions of §5611 GC, as amended by said Act, as the sole authority for an appeal to the Board of Tax Appeals with respect to said tax assessment. And as to this, the appellee further contends that the appeal filed by the appellant herein is defective for the reason that as to form said appeal is not in compliance with the requirements of §5611 GC, as amended, and that said appeal is further defective in that it is not one from a final determination of said tax assessment, made by the Tax Commissioner after consideration of an application for review and redetermination of said tax assessment filed by the taxpayer with the Tax Commissioner as authorized and provided for by the provisions of §5394 GC, as amended by the Act above referred to. Since at the time this appeal was filed with the Board of Tax Appeals under date of July 7, 1941, §5394 GC, did not by its provisions as enacted by Am. S. B. 77, above referred to, confer any right or authority for an appeal to the Board of Tax Appeals from or with respect to an assessment made by the Tax Commissioner, and since, further, this appeal does not conform to the requirements of §5611, GC, as amended, in that said appeal is not in form as required by said section and in that it does not appear that any application for review and redetermination

was filed by the taxpayer with the Tax Commissioner with respect to said tax assessment, as provided for by §5394 GC, as amended, and that said appeal was from a final determination made by the Tax Commissioner as provided for in said section, it is obvious that the appeal here in question must fail unless it can be said that the tax assessment made by the Tax Commissioner under date of June 18, 1941, constituted a pending proceeding within the purview of §26 GC so as to preserve to the appellant as a taxpayer the right to file with the Board of Tax Appeals an appeal from said tax assessment under the provisions of §5394 GC, as they read at the time this tax assessment was made by the Tax Commissioner. For if said tax assessment at the time it was made by the Tax Commissioner and thereafter was a pending proceeding within the purview of §26 GC, with respect to the question of the taxes assessable against said property for the year 1939, and if as such pending proceeding this tax assessment had the effect of preserving to this taxpayer a right of appeal under the then provisions of §5394 GC, the appeal here in question must be sustained notwithstanding the later Act of the legislature, above referred to, which amended §5394 GC, in the respects above noted and which, pursuant to constitutional requirement in such case, repealed said then existing section. Bode v Welch, 29 Oh St 19; Charles v Fawley, 71 Oh St 50. See Insurance _Company _v Myers, 59 Oh St 332; Gompf v Wolfinger, 67 Oh St 144.

Although a tax levy for a particular purpose made by an Act of the legislature or by a ▮▮▮▮▮ political subdivision pursuant to legislative authority does not, it seems, constitute a pending proceeding under §26 GC, with respect to later legislative action affecting such tax levy, Alexander v Spencer, 13 C. C. (N. S.) 475, we are of the view that a tax assessment made by an authorized officer or agent of the state against a particular taxpayer on and with respect to designated property owned and held by such taxpayer, is a pending proceeding within the provisions of this section of the General Code. See Cincinnati et al., v Davis, 58 Oh St 225, 234; Industrial Commission v Vail, 110 Oh St 304; State, ex rel., Podley v Industrial Commission, 127 Oh St 583. The right of appeal which this taxpayer had under the then provisions of §5394 GC, was preserved to him by said tax assessment as a pending proceeding with respect to the taxes ▮▮▮▮▮ on the property covered by the assessment; and the appeal here in question which was later filed by said taxpayer in substantial conformity with the provisions of §5394 GC, as they read at the time of this tax assessment, was a part of such pending proceeding. State, ex rel., v Atkinson, 138 Oh St 157, 162. It follows, therefore, that the appeal here in question was rightly filed in manner and form as provided by §5394 GC, as it read at the time of the tax assessment against the appellant, notwithstanding the fact that said appeal was filed after the enactment of Am. S. B. 77, effective under date of July 4, 1941, amending said section, as above noted, and abolishing the right of appeal therefor provided for by this section. State, ex rel., v Atkinson, Bode v Welch, Charles v Fawley, supra.

On the considerations herein noted and discussed it is by the Board of Tax Appeals considered and ordered that the motion of the

appellee to dismiss the appeal filed by the appellant herein be, and the same hereby is, overruled.